

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-10060 |
| Plaintiff-Appellee, | D.C. No. 4:20-cr-00300-HSG-1 |
| v. | |
| JAMES DAVID ALLEN II, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted December 6, 2021
San Francisco, California

Before:  LUCERO,[**] IKUTA, and VANDYKE, Circuit Judges.

A jury convicted James Allen II of being a felon in possession of a firearm

in violation of 18 U.S.C. § 922(g)(1).  Allen appeals the district court's denial of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

his motion to dismiss the indictment under the Speedy Trial Act, 18 U.S.C. § 3161. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

The period from July 23, 2020 to August 10, 2020 was excludable under the Speedy Trial Act because the government's detention motion was pending during that time. *See United States v. Vo*, 413 F.3d 1010, 1014–15 (9th Cir. 2005). The period between September 23, 2020 and November 6, 2020 was also excludable because, during that time, Allen's motion to suppress and the parties' motions *in limine* were pending.[2] Accordingly, only 43 days of non-excludable time passed between July 23, 2020 (when Allen was indicted) and November 6, 2020 (the day Allen's trial commenced). Allen's trial was therefore timely under the Speedy Trial Act's 70-day requirement. *See* 18 U.S.C. § 3161(c)(1).

**AFFIRMED.**

---

[1] In an opinion filed concurrently with this memorandum disposition, we vacate Allen's conviction and the district court's denial of his motion to suppress. *See* ___ F.4th ___. In light of that opinion, Allen' remaining claims on appeal are moot.

[2] We reject Allen's argument that the district court fully resolved his motion to suppress at the October 28, 2020 hearing. As the transcript of that hearing makes clear, the district court expressly refrained from ruling on the motion to suppress the stockbroker statement until a later time. Accordingly, there was still a "pending dispute on which the court need[ed] to rule" and a "conceivable ruling that the district court could have made" regarding the stockbroker statement. *United States v. Sutter*, 340 F.3d 1022, 1028 (9th Cir. 2003).